NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ORALIA MIGUELINA MAZARIEGOS-
LOPEZ; YEILI ANALI MAZARIEGOS-
MAZARIEGOS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    15-73179

Agency Nos.    A202-075-144
                        A202-075-145

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
San Francisco, California

Before:  GOULD, FRIEDLAND, and MILLER, Circuit Judges.

Petitioners Oralia Miguelina Mazariegos-Lopez ("Lead Petitioner") and her

daughter Yeili Anali Mazariegos-Mazariegos (collectively, "Petitioners") petition

for review of a decision by the Board of Immigration Appeals ("BIA") affirming the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") decision denying Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.      "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019).  We review the denial of an application for asylum and withholding of removal for substantial evidence.  *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).  The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

2.      "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma*, 9 F.4th at 1059 (internal quotation marks omitted).  Substantial evidence

---

[1] Lead Petitioner does not challenge the denial of CAT relief in her opening brief, and has therefore waived this claim on appeal.  *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

supports the agency's finding that Lead Petitioner failed to establish a nexus between the harm suffered and her membership in a particular social group ("PSG"). Lead Petitioner alleged that she belonged to a PSG of "single Guatemalan citizen mothers." Assuming without deciding that this is a cognizable PSG, we nonetheless uphold the agency's conclusion that Lead Petitioner failed to establish a nexus between the harm she suffered and the PSG.

Lead Petitioner testified that while she lived in Guatemala, she received phone calls for about five months from an unknown woman threatening to kidnap her daughter. Lead Petitioner testified that the unknown woman never explained her motivation for why she wanted to kidnap Lead Petitioner's daughter, and that the calls stopped when Lead Petitioner changed her phone number, about four and a half years before Lead Petitioner came to the United States.

This evidence supports the BIA's conclusion that Lead Petitioner failed to establish a nexus between the harm suffered and the proposed PSG. There is no evidence in the record providing the motivation for the phone calls, much less supporting that the harm Lead Petitioner suffered from the phone calls was on account of her membership in the proposed PSG or any other protected ground. As the BIA pointed out, Lead Petitioner did not "identif[y] persuasive evidence, direct or circumstantial," that she received the telephone threats because she was a single mother.

15-73179

3.     "To secure withholding of removal, a petitioner must demonstrate that [her] 'life . . . would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion.'" *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (quoting 8 U.S.C. § 1231(b)(3)(A)). Like asylum, withholding of removal also requires a nexus between a protected ground and the alleged harm. Because we affirm the agency's conclusion that Lead Petitioner's "past harm and fears of future harm relate to general conditions of crime and violence in Guatemala" and do not relate to her membership in the proposed PSG or other protected ground, we affirm the denial of withholding of removal.[2]

**PETITION DENIED.**[3]

---

[2] We recognize that the legal standard for the nexus determination for withholding of removal has changed since the agency issued its original decision. *See Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023) (as amended) (recognizing that the nexus standard is "whether a protected ground was 'one central reason' (for asylum) or 'a reason' (for withholding of removal) for the past or feared harm" (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021)). Although the agency framed its analysis under the former standard for withholding of removal in effect at the time of the decision, which required the protected ground to be "a central reason" rather than "a reason" for the harm, because the agency found there was no nexus between the harm and the PSG, this change in the legal standard has no effect on our analysis. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (recognizing that a finding of no nexus "necessarily defeat[s]" both asylum and withholding claims); *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017).

[3] The temporary administrative stay of removal is lifted and the motion for stay of removal is denied. *See* Dkt. 1.